David O. CORRIVEAU, et al.,
Appellant,

v.

3005 INVESTMENT CORPORATION,
et al., Appellee.

No. 13–85–075–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.

Rehearing Denied Sept. 19, 1985.

Carl David Adams, Dallas, Charles Darwin Davidson, Little Rock, Ark., for appellant.

Michael H. Collins, Dallas, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a judgment which held that the language in an option clause providing that the price of the land would be "based on an MAI appraisal" meant that the appraisal would be a "starting point for calculation of the option purchase price."

In 1981, appellants leased a parking lot from appellees. The lease contained the following purchase option clause:

35c. It is understood and agreed that Landlord shall grant Tenant an option to purchase the subject property at any time during the primary term of this

lease. Upon written notice from Tenant of its intent to exercise this option, and providing that no default exists, the Landlord shall within forty-five (45) days thereafter notify Tenant in writing of the purchase price, which shall be *based on* an MAI appraisal, conducted by a qualified appraiser. The appraisal shall not include the value of any improvements made by the Tenant. In no event, however, shall the purchase price be less than Three Hundred Thousand ($300,-000.00) dollars. If the Tenant does not accept the price and close within 180 days after the date of such notice, then the option to purchase shall automatically terminate at the end of such 180 day period. (Emphasis added.)

Appellants gave notice of their intent to exercise their option. The MAI appraisal valued the property at $667,000.00 ($8.00 per square foot). Appellees notified appellants that the purchase price, based on the MAI appraisal, would be $833,650.00 ($10.00 per square foot). Appellants brought suit for specific performance requesting the option price be declared to be the MAI appraised price as set out in the lease. Appellees defended and counterclaimed, requesting the court to construe paragraph 35c as granting the right to the landlord to establish or set the option price himself provided it was reasonable.

After a trial without a jury, the court held that the contractual provision was unambiguous and that the words "based on" meant a starting point for calculation of the option purchase price. The trial court entered findings of fact that the parties intended such a construction when the contract was executed. Judgment was entered for the appellee-landlord, from which this appeal was taken.

Both parties agree this contractual provision is unambiguous. The issue is whether the trial court erred in its construction of paragraph 35c where it held it to mean that the appraisal would not be determinative of the purchase price, but, rather, merely a starting point from which the landlord could set his own asking price.

■ Before it can be determined whether or not a contract is ambiguous, it is first necessary to apply the rules of interpretation of contracts to the writing. "In other words, if after applying established rules of interpretation to the contract it remains reasonably susceptible to more than one meaning it is ambiguous, but if only one reasonable meaning clearly emerges it is not ambiguous." *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). The rules of interpretation are to be applied to the aim of ascertaining the true intention of the parties. "To achieve this object the courts will examine and consider the entire writing, seeking as best they can to harmonize and to give effect to all the provisions of the contract so that none will be rendered meaningless." *Universal CIT Credit Corp. v. Daniel,* 243 S.W.2d at 158. "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). If the contract can be given a certain definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker,* 650 S.W.2d at 393; *Universal CIT,* 243 S.W.2d at 157.

The trial court concluded that the disputed paragraph was not ambiguous and construed it to mean that the purchase price would not be established by the appraiser but, rather, would be determined by the landlord after considering the appraisal. We disagree and reverse.

■ In construing this paragraph in order to ascertain the intention of the parties, we must disagree with the trial court's definition of "based on" to mean a starting point or a foundation. We believe the only way the paragraph's provisions can be harmonized with one another is that the parties meant "based on" to mean equal to an MAI appraisal. Any interpretation other than this would render meaningless the provision that the purchase price shall not

be less than $300,000.00. If the landlord is entitled at his discretion to set the proposed purchase price after considering the appraisal, there would be no reason to establish a minimum purchase price. If, however, the appraiser is to establish the price, a minimum price set by the contract has meaning in that, no matter what adverse conditions strike the market and affect the value, the seller will not accept less than $300,000.00.

Appellee forcefully argues that, if the appraiser is to determine the purchase price, the 45 days that the landlord has to notify the tenant of the purchase price is meaningless. However, the 45-day provision can be construed as the maximum combined lengths of time that the appraiser has in making his report and that the landlord has in communicating the value so established to the purchaser.

After giving full consideration to the paragraph as a whole, we conclude that the parties intended that the appraiser would set the purchase price. As it is possible to ascertain the intention of the parties and giving full effect to all provisions of the paragraph, we find that the contract is susceptible to only one meaning and is, thus, unambiguous.

The determination of whether a contract is ambiguous is a legal question to be determined by the Court. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968); *UMC, Inc. v. Coonrod Electric Co., Inc.*, 667 S.W.2d 549, 554 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). As the question of the intention of the parties is a necessary step in determining whether the contract is ambiguous, it also is a legal question. *See, City of Pinehurst*, 432 S.W.2d at 518; *UMC, Inc.*, 667 S.W.2d at 554. The characterization of the intention of the parties as a finding of fact by the trial court when the contract is unambiguous is erroneous.

The judgment of the trial court is REVERSED and judgment is RENDERED for appellant.