Larry N. HOFLAND and La Joya
Gin, Inc., Appellants,

v.

FIREMAN'S FUND INSURANCE
COMPANY, Appellee.

No. 13–93–703–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 3, 1995.

Rehearing Overruled Sept. 21, 1995.

Kathryn Snapka, Corpus Christi, J. Robert McKissick, John D. Charbonnet, Jr., Spagnoletti & Associates, Houston, Ricardo Gonzalez, Oxford, Oxford & Gonzalez, Edinburg, for appellants.

Richard E. Griffin, Fred A. Simpson, Annelie Menke, Griffin & Laser, Houston, for appellee.

Kathleen Walsh Beirne, Houston, for real party in interest.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

This case arises out of a dispute over insurance coverage. The trial court held that La Joya Gin, Inc. (La Joya) was not covered by the insurance policy; therefore, the insurance company had no duty to defend or indemnify La Joya. By three points of error, La Joya and Larry Hofland appeal from this declaratory judgment. We affirm.

Appellants, Hofland and La Joya, initiated this lawsuit against Fireman's Fund Insurance Company (FFIC) as a result of FFIC's refusal to defend and indemnify La Joya for a judgment entered against it in a separate lawsuit filed by Filiberto and Maria Garza. In that lawsuit, the Garzas alleged that Robert Clyde Smith, acting as an agent of La Joya, was driving a pickup truck in the course and scope of his employment with La Joya when a flatbed trailer he was towing became disengaged and collided with Mr. Garza's vehicle. The Garzas sued, among others, La Joya and its owner, Larry Hofland. The trial judge concluded that Smith acted as an agent of La Joya and negligently attached the trailer to his vehicle. Thereupon, the trial judge entered a judgment against La Joya in the amount of $1,000,-000.00.

In the present lawsuit, the breach of contract claim was severed from the other claims and tried by the court without a jury. The parties stipulated to limit the issues to the proper interpretation of the policy provisions, specifically Exclusion 2(b) of the policy, and its applicability to the Garza lawsuit. The parties further stipulated that the court's interpretation shall control the issue of FFIC's duty to defend or indemnify La Joya. La Joya is the only named insured of the insurance policy. Exclusion 2(b) provides that the insurance does not apply

> to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any **automobile** or aircraft owned or operated by or rented or loaned to any **insured,** or (2) any other **automobile** or aircraft operated by any person in the course of his employment by any **insured**.... (Emphasis in original).

At the conclusion of the bench trial, the court entered a take-nothing declaratory judgment against appellants. The court made the following findings:

(1) FFIC had no duty to defend La Joya in the Garza lawsuit;

(2) FFIC had no duty to indemnify La Joya for the $1,000,000.00 judgment;

(3) the provisions of the insurance policy are unambiguous; and

(4) the relationship between Robert Clyde Smith and La Joya was adequately adjudicated by the court in the Garza lawsuit.

Hofland and La Joya appeal from this judgment.

By three points of error, appellants complain that there is no evidence to support the court's findings that FFIC had no duty to defend or indemnify and assert that, as a matter of law, the policy provisions were

ambiguous. We address these three points together.

■ Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.—Austin 1992, no writ); *Kotis v. Nowlin Jewelry, Inc.*, 844 S.W.2d 920, 922 (Tex. App.—Houston [14th Dist.] 1992, no writ). Conclusions of law will not be reversed unless they are erroneous as a matter of law. *Westech Eng'g, Inc.*, 835 S.W.2d at 196; *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex. App.—Houston [1st Dist.] 1986), *rev'd on other grounds*, 801 S.W.2d 890 (Tex.1991).

The dispositive issue is whether Exclusion 2(b) applies, and thus, results in La Joya not being covered by its insurance policy. Appellants urge that the plain meaning of Exclusion 2(b) precludes its applicability, or alternatively, the provision is ambiguous and should be construed against the insurer. Appellants contend that as worded, the exclusion is susceptible to more than one reasonable interpretation. The interpretation appellants advocate in claiming the exclusion does not apply is twofold: 1) although the trailer was "used," it was not being "operated" at the time it was hitched and 2) although Smith may have been acting "in the course of his employment," he was not an "employee" of La Joya. A second reasonable interpretation, according to appellants and the one urged by FFIC, is that Smith "used" and "operated" the trailer and that the term "employment" applies not only to "employees" but to other persons as well.

■ Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex.1983); *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980). If the contract can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker*, 650 S.W.2d at 393; *Corriveau v. 3005 Investment Corp.*, 697 S.W.2d 766, 767 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The contractual provision, however, is ambiguous if its meaning is uncertain and doubtful and it is reasonably susceptible to more than one interpretation. *Coker*, 650 S.W.2d at 393; *RGS, Cardox Recovery, Inc. v. Dorchester Enhanced Recovery Co.*, 700 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

■ Nevertheless, not every difference in the interpretation of a contract or an insurance policy amounts to an ambiguity. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex.1994). Both the insured and the insurer are likely to take conflicting views of coverage, but disagreement over the interpretation of an instrument does not automatically make it ambiguous. *Id.* Likewise, uncertainty or lack of clarity in the language chosen by the parties is insufficient to render a contract ambiguous. *Preston Ridge Fin. Servs. Corp. v. Tyler*, 796 S.W.2d 772, 777 (Tex.App.—Dallas 1990, writ denied); *Medical Towers v. St. Luke's Episcopal Hosp.*, 750 S.W.2d 820, 822 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

■ In construing contracts, the primary concern of the court is to ascertain the true intention of the parties as expressed in the instrument. *Coker*, 650 S.W.2d at 393; *R & P Enters.*, 596 S.W.2d at 518. In ascertaining the true intention of the parties, the courts will examine and consider the entire writing, seeking as best they can, to harmonize and to give effect to all the provisions of the contract so that none will be rendered meaningless. *Universal CIT Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 158 (1951); *Corriveau*, 697 S.W.2d at 767. Language used by parties in a contract should be accorded its plain, grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated. *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.1985).

■ We agree with the trial court that the exclusion provision is unambiguous. Appellants' main contention is that the negligent act of hitching the trailer to the truck constitutes a use and not an operation of the trailer; therefore, the requirements of the

exclusion are not satisfied. Appellants focus only on one specific act. However, the exclusion is more expansive. The exclusion provides that insurance does not apply to bodily injury *arising out* of the use or loading of an automobile operated by a person in the course of his employment by the insured. The parties agree that the definition of "automobile" includes a trailer. Attaching the trailer to the truck is a use or even a loading of the automobile.

Our analysis does not stop here, as argued by appellants. The Garza court not only found that Smith was negligent in attaching the trailer to his truck, but also that the trailer came loose from the truck, struck Garza, and caused him severe injuries. Thus, we also look to the facts leading up to the detachment of the trailer which caused Garza's injuries. Smith operated the trailer when he drove his truck and towed the trailer. FFIC's expert, John McKinley, testified that one operates a trailer by hitching it to another vehicle and pulling it. Thus, the operation of a trailer includes hitching the trailer so that it can be towed. Consequently, Garza's injuries arose out of the use and operation of the trailer.

■ We now address whether Smith was acting in the course of La Joya's employment. Appellants assert that because the Garza court only found that Smith was acting as an agent for La Joya and did not find that he was an employee, Exclusion 2(b) does not apply. The exclusion provides that the automobile had to be operated by *any person* in the course of the insured's employment; the exclusion does not refer to an "employee." The term "agent" refers to a form of employment. *Ackley v. State*, 592 S.W.2d 606, 608 (Tex.Crim.App. [Panel Op.] 1980). An agent is the employee of his principal. *Id.* The term "employee" includes "servant" and "agent." *Id.* "Employment" is commonly defined as use, purpose, or the act of employing. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 408 (1987). "Employ" means "to make use of" or "to use or engage the services of." *Id.* Thus, the Garza court's finding that Smith acted as La Joya's agent satisfies the language of the exclusion since he is a person acting in the course of his employment by La Joya.

Having found that the provision is unambiguous and that Exclusion 2(b) applies, we hold that FFIC had no duty to defend or indemnify La Joya. We overrule appellants' three points of error.

Accordingly, we affirm the judgment of the trial court.