NUMBER 13-07-00108-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


PATRICK AND DANA DURHAM, Appellants,


v.
 


SAMMY SAENZ D/B/A SAENZ CUSTOM CABINETS, Appellee.

 


On appeal from the 135th District Court 


of Calhoun County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellants, Patrick and Dana Durham, appeal from the trial court's judgment
entered in favor of appellee, Sammy Saenz d/b/a Saenz Custom Cabinets. By two issues,
appellants challenge the trial court's findings of fact and conclusions of law. We affirm.


I. Background

 Appellants were building a new home in Port Lavaca, Texas. Saenz entered into
an oral contract with appellants to build custom cabinets for the home. Saenz built cabinet
units for the kitchen, utility room, and master bedroom. During the construction of the
house, Saenz delivered the units on three occasions. After Saenz finished the job, Patrick
paid the full contract price of $7,900. Patrick subsequently noticed various problems with
the cabinets, including, among other things, that (1) the doors were splitting, (2) the visible
surfaces were not "hardwood," and (3) the cabinets were not square and were crooked. 
 Appellants filed suit against Saenz for breach of contract and breach of implied
warranty to perform services in a good and workmanlike manner. After a bench trial, the
court rendered a take nothing judgment in favor of Saenz. At the request of appellants, the
trial court issued the following findings of fact and conclusions of law:

Findings of Fact


 1. Plaintiffs and Defendant entered into a valid contract for Defendant to
build custom cabinets for Plaintiffs.

 2. Defendant built and delivered the cabinets and Plaintiffs paid for
them, all as called for by the contract.

 3. Any damage to the cabinets was caused not by Defendant, but by
Plaintiffs exposing them to the elements.


Conclusions of Law


 1. Defendant committed no breach of contract which was the proximate
or producing cause of actual damages to Plaintiffs.

 2. Defendant committed no breach of implied warranty which was the
proximate or producing cause of actual damages to Plaintiffs.

 3. Plaintiffs are entitled to no damages from Defendant and therefore
are entitled to no attorney fees from Defendant.

 4. Defendant is entitled to a take[-]nothing judgement [sic] on all of
Plaintiff's [sic] pled causes of action.


This appeal ensued.


II. Standard of Review

 Findings of fact in a bench trial have the same force and effect as findings by the
jury. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991); Pulley v.
Milberger, 198 S.W.3d 418, 426 (Tex. App.-Dallas 2006, pet. denied). If there is any
evidence of a probative nature to support the trial court's judgment, we will not set it aside,
and if there is any evidence in the record to sustain the trial court's findings, we may not
substitute our findings of fact for those of the trial court. Ray v. Farmers' State Bank of
Hart, 576 S.W.2d 607, 609 (Tex. 1979); Harlingen Irrigation Dist. Cameron County No. 1
v. Caprock Commc'ns Corp., 49 S.W.3d 520, 529 (Tex. App.-Corpus Christi 2001, pet.
denied). We review the trial court's findings of fact by the same standards we use in
reviewing the sufficiency of the evidence supporting a jury's answers. Caprock Commc'ns
Corp., 49 S.W.3d at 529.

 If a party with the burden of proof challenges the legal sufficiency of an adverse
finding, we must determine whether the complaining party has demonstrated on appeal
that the evidence establishes, as a matter of law, all vital facts in support of the issue. Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In a "matter of law"
challenge, we "first examine the record for evidence that supports the finding, while
ignoring all evidence to the contrary." Id. If there is no evidence to support the finding, we
will examine the entire record in order to determine whether the contrary proposition is
established as a matter of law. Id. We will sustain the issue if the contrary proposition is
conclusively established. Id. The final test for legal sufficiency must always be whether
the evidence at trial would enable reasonable and fair-minded people to reach the verdict
under review. City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).

 A party attacking the factual sufficiency of an adverse finding must show that the
adverse finding is against the great weight and preponderance of the evidence so as to be
clearly wrong and unjust. Dow Chem. Co., 46 S.W.3d at 242. In order to set aside the
verdict, we must be able to "detail the evidence relevant to the issue" and then state how
the contrary evidence greatly outweighs the evidence that supports the verdict. Id. We
may not substitute our judgment for that of the fact finder's conclusions because the trier
of fact is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003);
Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 796 (1951).

 Conclusions of law will not be reversed unless they are erroneous as a matter of
law. Stable Energy, L.P. v. Newberry, 999 S.W.2d 538, 547 (Tex. App.-Austin 1999, pet.
denied); Hofland v. Fireman's Fund Ins. Co., 907 S.W.2d 597, 599 (Tex. App.-Corpus
Christi 1995, no writ). A party may not challenge conclusions of law for factual sufficiency. 
BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). We may review
the trial court's conclusions drawn from the facts to determine their correctness. Pegasus
Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 126 (Tex. App.-Corpus
Christi 1999, pet. denied). We will uphold a conclusion of law if the judgment can be
supported by any legal theory supported by the evidence. HTS Servs., Inc. v. Hallwood
Realty Partners, L.P., 190 S.W.3d 108, 111 (Tex. App.-Houston [1st Dist.] 2005, no pet.)
(citing BMC Software, 83 S.W.3d at 794).

III. Findings of Fact

 By their first issue, appellants challenge the legal and factual sufficiency of the trial
court's finding that Saenz built the cabinets as called for by the terms of the contract and
its finding that any damage to the cabinets was caused by appellants exposing them to the
elements. (1)

 Because appellants had the burden of proof and are challenging the legal
sufficiency of an adverse finding, we must determine whether appellants have
demonstrated on appeal that the evidence establishes, as a matter of law, all vital facts in
support of the issue. See Dow Chem. Co., 46 S.W.3d at 241. Therefore, we will first
examine the record for evidence that supports the challenged findings, while ignoring all
evidence to the contrary unless reasonable jurors could not. City of Keller, 168 S.W.3d at
811.

 Saenz testified that he entered into an oral contract with Patrick. Saenz and Patrick
both testified that they agreed that Saenz would construct kitchen cabinets, one vanity, and
some utility cabinets, and that Patrick would then pay Saenz $7,900. On direct
examination, Patrick stated that he left the terms of the contract up to Saenz. According
to Saenz, the only agreed term of the contract was that the cabinets were to be constructed
out of "sugar maple," except for the doors, which were to be made of "hardwood." Saenz
testified that after taking appropriate measurements, he built all of the units out of "sugar
maple" with "hardwood" doors. Saenz delivered the cabinets on three separate occasions
spanning approximately five to six weeks. Patrick paid the full contract price to Saenz
approximately three weeks after the final delivery. Patrick did not complain about the
cabinets when Saenz picked up the final payment.

 Appellants contend that the evidence is factually insufficient because conflicting
testimony revealed that the cabinets were built improperly. Appellants do not cite any
specific testimony in the record but merely state that they presented undisputed testimony
concerning defects in the cabinets. Saenz testified that he built the cabinets as agreed and
that he did not cause the damage to the cabinets. As the sole judge of the credibility of the
witnesses and the weight to be given their testimony, the trial court was free to believe
Saenz's testimony that he built the cabinets as agreed and disbelieve testimony that the
units were not built properly. See City of Keller, 168 S.W.3d at 819 (explaining that a fact
finder "may choose to believe one witness and disbelieve another").

 We conclude there is some evidence supporting the trial court's finding that Saenz
built the cabinets as called for by the contract. See Ray, 576 S.W.2d at 609; Caprock
Commc'ns Corp., 49 S.W.3d at 529. Furthermore, we conclude that the trial court's finding
is not against the great weight and preponderance of the evidence so as to be clearly
wrong and unjust. See Dow Chem. Co., 46 S.W.3d at 242. Therefore, the evidence was
legally and factually sufficient to support the trial court's finding that Saenz built the
cabinets as called for by the contract.

 Appellants also challenge the trial court's finding that they caused the damage to
the cabinets by exposing them to the elements. In order to succeed on a breach of
contract claim, appellants must prove the following: (1) a valid contract existed; (2) the
plaintiff performed or tendered performance; (3) the defendant breached the contract; and
(4) the plaintiff sustained damages as a result of the defendant's breach. Adams v. H &
H Meat Prods., Inc., 41 S.W.3d 762, 771 (Tex. App.-Corpus Christi 2001, no pet.). 
Because the evidence is sufficient to support the trial court's finding that Saenz did not
breach the contract, appellants have not proven the third element of their cause of action. 
Therefore, evidence regarding whether appellants damaged the cabinets is not dispositive
to this appeal. See Tex. R. App. P. 47.1.

 By a sub-issue, appellants contend that the trial court was barred from hearing
Saenz's evidence that appellants caused the damage to the cabinets by improperly
exposing them to the elements because Saenz failed to plead the affirmative defense of
contributory negligence. However, because we have concluded that the evidence is
sufficient to support the trial court's finding that Saenz did not breach the contract, we need
not reach Saenz's alleged affirmative defense, as it is not dispositive to this appeal. See
id. We overrule appellants' first issue.

IV. Conclusions of Law

 By their second issue, appellants contend that the evidence is insufficient to support
the trial court's conclusions of law. Although we cannot review the trial court's conclusions
of law for factual sufficiency, see BMC Software, 83 S.W.3d at 794, we may review the trial
court's legal conclusions drawn from the facts to determine their correctness. Pegasus
Energy Group, Inc., 3 S.W.3d at 126. We will not reverse conclusions of law unless they
are erroneous as a matter of law. Stable Energy, L.P., 999 S.W.2d at 547; Hofland, 907
S.W.2d at 599.

 First, appellants challenge the trial court's conclusion that Saenz did not breach the
contract. However, we have concluded that the evidence supporting the trial court's finding
of fact that "[Saenz] built . . . the cabinets . . . as called for by the contract" is legally and
factually sufficient. This factual finding supports the trial court's conclusion that Saenz did
not breach the contract. (2) See Pegasus Energy Group, Inc., 3 S.W.3d at 126. Therefore,
this conclusion is not erroneous as a matter of law. See Stable Energy, L.P., 999 S.W.2d
at 547; Hofland, 907 S.W.2d at 599.

 Appellants also contend that the trial court's conclusion that Saenz did not breach
an implied warranty is incorrect. See Cocke v. White, 697 S.W.2d 739, 743 (Tex.
App.-Corpus Christi 1985, writ ref'd n.r.e.) ("The elements that a plaintiff must prove [in a
breach of implied warranty claim] are (1) the implied warranty of good workmanship, (2)
the breach thereof and (3) that such breach was the proximate cause of the plaintiff's
damages."). In order to determine that the trial court's conclusion of law was erroneous
as a matter of law, we would be required to determine that the evidence conclusively
showed that appellants established the elements of breach of an implied warranty. See
Dow Chem. Co., 48 S.W.3d at 297. On appeal, appellants contend only that they
established the second element of their cause of action. However, the trial court also
concluded that Saenz's breach of implied warranty, if any, was not the proximate cause of
appellants' damages. Thus, even if appellants established that Saenz breached the
implied warranty, the judgment can be supported on the theory that appellants did not
prove that Saenz's breach, if any, was the proximate cause of appellants' damages. See
HTS Servs., Inc., 190 S.W.3d at 111; see also Martinez v. El Paso County, 218 S.W.3d
841, 844 (Tex. App.--El Paso 2007, pet. dism'd) (providing that when we review a civil
matter, we have "no discretion to consider an issue not raised in the appellant's brief, even
if the ends of justice so require"). Accordingly, we conclude that the trial court's conclusion
was not erroneous as a matter of law.

 By a sub-issue, appellants contend that they are entitled to recover monetary
damages in the amount of $7,900 and attorney's fees from Saenz. However, the trial court
concluded that Saenz neither breached the contract nor breached an implied warranty. 
Because appellants did not prevail on their causes of action, they are not entitled to
recover money damages or attorney's fees. See Rodgers v. RAB Invs., Ltd., 816 S.W.2d
543, 551 (Tex. App.-Dallas 1991, no writ) (providing that to obtain an award of attorney's
fees, a party must prevail on a cause of action for which attorney's fees are recoverable). 
We overrule appellants' second issue.

V. Conclusion

 We affirm the trial court's judgment.

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 8th day of January, 2009.
1. Appellants do not challenge the sufficiency of the evidence supporting the trial court's finding that
Saenz delivered the cabinets and that appellants paid for them, nor the sufficiency of the evidence supporting
the trial court's finding that Saenz did not cause the damage to the cabinets.
2. Again, we note that appellants do not challenge the trial court's findings regarding the remaining
breach of contract elements. See Adams v. H & H Meat Prods., Inc., 41 S.W.3d 762, 771 (Tex. App.-Corpus
Christi 2001, no pet.).