

# NUMBER 13-07-00108-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PATRICK AND DANA DURHAM, Appellants,

v.

SAMMY SAENZ D/B/A SAENZ CUSTOM CABINETS, Appellee.

On appeal from the 135th District Court
of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellants, Patrick and Dana Durham, appeal from the trial court's judgment entered in favor of appellee, Sammy Saenz d/b/a Saenz Custom Cabinets. By two issues, appellants challenge the trial court's findings of fact and conclusions of law. We affirm.

## I. BACKGROUND

Appellants were building a new home in Port Lavaca, Texas. Saenz entered into an oral contract with appellants to build custom cabinets for the home. Saenz built cabinet units for the kitchen, utility room, and master bedroom. During the construction of the house, Saenz delivered the units on three occasions. After Saenz finished the job, Patrick paid the full contract price of $7,900. Patrick subsequently noticed various problems with the cabinets, including, among other things, that (1) the doors were splitting, (2) the visible surfaces were not "hardwood," and (3) the cabinets were not square and were crooked.

Appellants filed suit against Saenz for breach of contract and breach of implied warranty to perform services in a good and workmanlike manner. After a bench trial, the court rendered a take nothing judgment in favor of Saenz. At the request of appellants, the trial court issued the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiffs and Defendant entered into a valid contract for Defendant to build custom cabinets for Plaintiffs.
2. Defendant built and delivered the cabinets and Plaintiffs paid for them, all as called for by the contract.
3. Any damage to the cabinets was caused not by Defendant, but by Plaintiffs exposing them to the elements.

### Conclusions of Law

1. Defendant committed no breach of contract which was the proximate or producing cause of actual damages to Plaintiffs.
2. Defendant committed no breach of implied warranty which was the proximate or producing cause of actual damages to Plaintiffs.
3. Plaintiffs are entitled to no damages from Defendant and therefore are entitled to no attorney fees from Defendant.
4. Defendant is entitled to a take[-]nothing judgement [sic] on all of Plaintiff's [sic] pled causes of action.

This appeal ensued.

## II. STANDARD OF REVIEW

Findings of fact in a bench trial have the same force and effect as findings by the jury. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Pulley v. Milberger*, 198 S.W.3d 418, 426 (Tex. App.–Dallas 2006, pet. denied).  If there is any evidence of a probative nature to support the trial court's judgment, we will not set it aside, and if there is any evidence in the record to sustain the trial court's findings, we may not substitute our findings of fact for those of the trial court. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607, 609 (Tex. 1979); *Harlingen Irrigation Dist. Cameron County No. 1 v. Caprock Commc'ns Corp.*, 49 S.W.3d 520, 529 (Tex. App.–Corpus Christi 2001, pet. denied).  We review the trial court's findings of fact by the same standards we use in reviewing the sufficiency of the evidence supporting a jury's answers. *Caprock Commc'ns Corp.*, 49 S.W.3d at 529.

If a party with the burden of proof challenges the legal sufficiency of an adverse finding, we must determine whether the complaining party has demonstrated on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam).  In a "matter of law" challenge, we "first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary." *Id.*  If there is no evidence to support the finding, we will examine the entire record in order to determine whether the contrary proposition is established as a matter of law. *Id.*  We will sustain the issue if the contrary proposition is conclusively established. *Id.*  The final test for legal sufficiency must always be whether

the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

A party attacking the factual sufficiency of an adverse finding must show that the adverse finding is against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 242. In order to set aside the verdict, we must be able to "detail the evidence relevant to the issue" and then state how the contrary evidence greatly outweighs the evidence that supports the verdict. *Id.* We may not substitute our judgment for that of the fact finder's conclusions because the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 796 (1951).

Conclusions of law will not be reversed unless they are erroneous as a matter of law. *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 547 (Tex. App.–Austin 1999, pet. denied); *Hofland v. Fireman's Fund Ins. Co.*, 907 S.W.2d 597, 599 (Tex. App.–Corpus Christi 1995, no writ). A party may not challenge conclusions of law for factual sufficiency. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We may review the trial court's conclusions drawn from the facts to determine their correctness. *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 126 (Tex. App.–Corpus Christi 1999, pet. denied). We will uphold a conclusion of law if the judgment can be supported by any legal theory supported by the evidence. *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex. App.–Houston [1st Dist.] 2005, no pet.) (citing *BMC Software*, 83 S.W.3d at 794).

### III. FINDINGS OF FACT

By their first issue, appellants challenge the legal and factual sufficiency of the trial court's finding that Saenz built the cabinets as called for by the terms of the contract and its finding that any damage to the cabinets was caused by appellants exposing them to the elements.[1]

Because appellants had the burden of proof and are challenging the legal sufficiency of an adverse finding, we must determine whether appellants have demonstrated on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *See Dow Chem. Co.*, 46 S.W.3d at 241. Therefore, we will first examine the record for evidence that supports the challenged findings, while ignoring all evidence to the contrary unless reasonable jurors could not. *City of Keller*, 168 S.W.3d at 811.

Saenz testified that he entered into an oral contract with Patrick. Saenz and Patrick both testified that they agreed that Saenz would construct kitchen cabinets, one vanity, and some utility cabinets, and that Patrick would then pay Saenz $7,900. On direct examination, Patrick stated that he left the terms of the contract up to Saenz. According to Saenz, the only agreed term of the contract was that the cabinets were to be constructed out of "sugar maple," except for the doors, which were to be made of "hardwood." Saenz testified that after taking appropriate measurements, he built all of the units out of "sugar maple" with "hardwood" doors. Saenz delivered the cabinets on three separate occasions

---

[1] Appellants do not challenge the sufficiency of the evidence supporting the trial court's finding that Saenz delivered the cabinets and that appellants paid for them, nor the sufficiency of the evidence supporting the trial court's finding that Saenz did not cause the damage to the cabinets.

spanning approximately five to six weeks. Patrick paid the full contract price to Saenz approximately three weeks after the final delivery. Patrick did not complain about the cabinets when Saenz picked up the final payment.

Appellants contend that the evidence is factually insufficient because conflicting testimony revealed that the cabinets were built improperly. Appellants do not cite any specific testimony in the record but merely state that they presented undisputed testimony concerning defects in the cabinets. Saenz testified that he built the cabinets as agreed and that he did not cause the damage to the cabinets. As the sole judge of the credibility of the witnesses and the weight to be given their testimony, the trial court was free to believe Saenz's testimony that he built the cabinets as agreed and disbelieve testimony that the units were not built properly. *See City of Keller*, 168 S.W.3d at 819 (explaining that a fact finder "may choose to believe one witness and disbelieve another").

We conclude there is some evidence supporting the trial court's finding that Saenz built the cabinets as called for by the contract. *See Ray*, 576 S.W.2d at 609; *Caprock Commc'ns Corp.*, 49 S.W.3d at 529. Furthermore, we conclude that the trial court's finding is not against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242. Therefore, the evidence was legally and factually sufficient to support the trial court's finding that Saenz built the cabinets as called for by the contract.

Appellants also challenge the trial court's finding that they caused the damage to the cabinets by exposing them to the elements. In order to succeed on a breach of contract claim, appellants must prove the following: (1) a valid contract existed; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and

6

(4) the plaintiff sustained damages as a result of the defendant's breach. *Adams v. H & H Meat Prods., Inc.*, 41 S.W.3d 762, 771 (Tex. App.–Corpus Christi 2001, no pet.). Because the evidence is sufficient to support the trial court's finding that Saenz did not breach the contract, appellants have not proven the third element of their cause of action. Therefore, evidence regarding whether appellants damaged the cabinets is not dispositive to this appeal. *See* TEX. R. APP. P. 47.1.

By a sub-issue, appellants contend that the trial court was barred from hearing Saenz's evidence that appellants caused the damage to the cabinets by improperly exposing them to the elements because Saenz failed to plead the affirmative defense of contributory negligence. However, because we have concluded that the evidence is sufficient to support the trial court's finding that Saenz did not breach the contract, we need not reach Saenz's alleged affirmative defense, as it is not dispositive to this appeal. *See id.* We overrule appellants' first issue.

## IV. CONCLUSIONS OF LAW

By their second issue, appellants contend that the evidence is insufficient to support the trial court's conclusions of law. Although we cannot review the trial court's conclusions of law for factual sufficiency, *see BMC Software*, 83 S.W.3d at 794, we may review the trial court's legal conclusions drawn from the facts to determine their correctness. *Pegasus Energy Group, Inc.*, 3 S.W.3d at 126. We will not reverse conclusions of law unless they are erroneous as a matter of law. *Stable Energy, L.P.*, 999 S.W.2d at 547; *Hofland*, 907 S.W.2d at 599.

First, appellants challenge the trial court's conclusion that Saenz did not breach the contract. However, we have concluded that the evidence supporting the trial court's finding of fact that "[Saenz] built . . . the cabinets . . . as called for by the contract" is legally and factually sufficient. This factual finding supports the trial court's conclusion that Saenz did not breach the contract.[2] *See Pegasus Energy Group, Inc.*, 3 S.W.3d at 126. Therefore, this conclusion is not erroneous as a matter of law. *See Stable Energy, L.P.*, 999 S.W.2d at 547; *Hofland*, 907 S.W.2d at 599.

Appellants also contend that the trial court's conclusion that Saenz did not breach an implied warranty is incorrect. *See Cocke v. White*, 697 S.W.2d 739, 743 (Tex. App.–Corpus Christi 1985, writ ref'd n.r.e.) ("The elements that a plaintiff must prove [in a breach of implied warranty claim] are (1) the implied warranty of good workmanship, (2) the breach thereof and (3) that such breach was the proximate cause of the plaintiff's damages."). In order to determine that the trial court's conclusion of law was erroneous as a matter of law, we would be required to determine that the evidence conclusively showed that appellants established the elements of breach of an implied warranty. *See Dow Chem. Co.*, 48 S.W.3d at 297. On appeal, appellants contend only that they established the second element of their cause of action. However, the trial court also concluded that Saenz's breach of implied warranty, if any, was not the proximate cause of appellants' damages. Thus, even if appellants established that Saenz breached the implied warranty, the judgment can be supported on the theory that appellants did not

---

[2] Again, we note that appellants do not challenge the trial court's findings regarding the remaining breach of contract elements. *See Adams v. H & H Meat Prods., Inc.*, 41 S.W.3d 762, 771 (Tex. App.–Corpus Christi 2001, no pet.).

prove that Saenz's breach, if any, was the proximate cause of appellants' damages.  *See HTS Servs., Inc.*, 190 S.W.3d at 111; *see also Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. dism'd) (providing that when we review a civil matter, we have "no discretion to consider an issue not raised in the appellant's brief, even if the ends of justice so require").  Accordingly, we conclude that the trial court's conclusion was not erroneous as a matter of law.

By a sub-issue, appellants contend that they are entitled to recover monetary damages in the amount of $7,900 and attorney's fees from Saenz.  However, the trial court concluded that Saenz neither breached the contract nor breached an implied warranty.  Because appellants did not prevail on their causes of action, they are not entitled to recover money damages or attorney's fees.  *See Rodgers v. RAB Invs., Ltd.*, 816 S.W.2d 543, 551 (Tex. App.–Dallas 1991, no writ) (providing that to obtain an award of attorney's fees, a party must prevail on a cause of action for which attorney's fees are recoverable).  We overrule appellants' second issue.

## V. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 8th day of January, 2009.

9