**Reynaldo MONTANARO and Xiomara Majewski (f/k/a Maria Xiomara Montanaro), Appellants,**

v.

**Francisco J. MONTANARO, et al., Appellees.**

No. 13–95–188–CV.

Court of Appeals of Texas, Corpus Christi.

April 10, 1997.

Rehearing Overruled May 22, 1997.

Paul E. Harris, Steven B. Harris, Boyer, Ewing & Harris, Houston, Richard S. Hoffman, Hoffman & Goza, Brownsville, for Appellants.

Thomas E. Sokat, Gilberto Hinojosa, Magallanes, Sokat & Hinojosa, Brownsville, Richard J.W. Nunez, Brownsville, Craig S. Smith, Donald B. Edwards, Smith & Edwards, Corpus Christi, for Appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Reynaldo Montanaro and Xiomara Majewski, appellants, sued to enforce a settlement agreement entered on July 15, 1992 as a result of forced mediation ordered by the trial court. At a bench trial, appellees filed a motion to dismiss. The trial court granted the motion and awarded judgment to appellees on their counterclaims. Appellants bring three points of error claiming that the trial court erred in not enforcing the settlement agreement. We reverse and remand.

### FACTUAL BACKGROUND

Appellants sued appellees for an accounting and dissolution of their business partnership, Montanaro Investments, as well as for fraud and breach of their fiduciary duties. In addition to being business partners, all the parties to this litigation are related to each other.

In May 1992, the trial court ordered the parties to mediation. On July 15, 1992, the case was settled and a written settlement agreement was signed by all parties and their counsel. The agreement provided for the conveyance by appellants of their interests in the partnership to appellees in exchange for a promise, secured by a promissory note, to pay monthly payments until appellants were effectively bought out. Specifically, it was agreed that appellees would (1) pay Majewski a lump sum payment of $6,000.00 by July 24, 1992; (2) make monthly payments to Majewski of $750.00 for a period of ten years beginning August 15, 1992; (3) make monthly payments to Reynaldo of $800.00 for a period of six and one-half years beginning August 15, 1992; and (4) secure the periodic payments with a promissory note. Additionally, the agreement provided for universal mutual releases among the parties.

Soon thereafter, problems arose regarding the settlement agreement. Specifically, the parties could not agree on the terms to be included in the promissory note.[1] Accordingly, appellants amended their petitions, asserting only a cause of action for breach of the purported settlement agreement. Appellees counterclaimed, seeking to recover monies appellant Reynaldo improperly took from the partnership. The trial court entered a judgment enforcing the settlement agreement in May 1993. On July 26, 1993, the court signed and entered a corrected judgment once again enforcing the settlement agreement.

In August 1993, appellees moved for a new trial on the sole ground that the parties never completed a settlement because the form of the promissory note was never agreed upon. On October 7, 1993, the trial court summarily granted the motion for new trial. Uncertain of the consequences of the order granting new trial, appellees filed a motion to clarify the order granting the new trial.[2] On March 16, 1994, after a hearing on

---

1. The parties argued over an acceleration clause and the applicable rate of interest.

2. Appellees position was that in granting the motion for new trial, the court set aside both the corrected judgment and the mediation agreement upon which the corrected judgment was

appellees motion, the court entered an order setting aside the settlement agreement and ordering a trial on "all issues."

The parties went to trial and waived a jury. Despite the trial court's order setting aside the settlement agreement, appellants pleaded only for damages resulting from a breach of that agreement. On the first day of trial, appellees filed a motion to dismiss arguing that the settlement agreement had been set aside and was no longer before the Court. The court agreed and refused to hear any evidence concerning the settlement agreement. Although appellants made a bill of exception, they did not request the right to amend their pleadings, nor did they offer any evidence regarding the underlying factual dispute. The trial court then heard evidence concerning the appellees' counterclaims and awarded judgments to appellees.

### DISCUSSION

In their first point of error, appellants claim that the trial court erred in failing to enforce the written settlement agreement reached as a result of court-ordered mediation. In their third point, appellants claim that the trial court erred in entering judgment in favor of Sara because she released all claims against appellants in the settlement agreement. Essentially, appellants argue that the settlement agreement is enforceable as a matter of law.

Appellees argue that there never was a completed contract because the parties never agreed on all of the specific items to be included in the promissory note. Thus, appellees argue, in the absence of those essential terms, the settlement agreement is unenforceable as a matter of law.

A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally. *Old Republic Ins. Co. v. Fuller*, 919 S.W.2d 726, 728 (Tex.App.—Texarkana 1996, writ denied); *Stevens v. Snyder*, 874 S.W.2d 241, 243 (Tex.App.—Dallas 1994, writ denied). While it is true that a contract must

define its essential terms with sufficient detail to allow a court to determine the obligations of the parties, *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992); *see also Gannon v. Baker*, 830 S.W.2d 706, 709 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *University Nat'l Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex.App.—San Antonio 1989, no writ), it is equally true that Texas law also confers upon those same parties the ability to agree upon certain contractual terms and to leave other matters for later negotiation. *Scott v. Ingle Bros. Pacific*, 489 S.W.2d 554, 555 (Tex.1972); *McCulley Fine Arts Gallery v. "X" Partners*, 860 S.W.2d 473, 477 (Tex. App.—El Paso 1993, no writ); *Magcobar North American, Inc. v. Grasso Oilfield Services, Inc.*, 736 S.W.2d 787, 795 (Tex.App.—Corpus Christi 1987, writ dism'd w.o.j.); *Frank B. Hall & Co. Inc. v. Buck*, 678 S.W.2d 612, 629 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied*, 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720. It is only when an essential term of a contract is left open for future negotiations that there is no binding contract. *T.O. Stanley Boot Co.*, 847 S.W.2d at 221; *Cap Rock Elec. Co-op., Inc. v. Texas Utilities Elec. Co.*, 874 S.W.2d 92, 99 (Tex.App.—El Paso 1994, no writ); *McCulley*, 860 S.W.2d at 477.

Whether an agreement is legally enforceable or binding is a question of law. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 814 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); *Huffco Petroleum Corp. v. Trunkline Gas Co.*, 769 S.W.2d 672, 674 (Tex.App.—Houston [14th Dist.] 1989, writ denied); *Southwestern States Oil & Gas Co. v. Sovereign Resources, Inc.*, 365 S.W.2d 417, 419 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). Therefore, unless there is ambiguity or unless surrounding facts and circumstances demonstrate a factual issue as to agreement, the issue of whether a settlement agreement fails for lack of an essential term is a question of law to be determined by the court. *See Browning v.*

---

based. Appellants on the other hand, alleged that the granting of the motion for new trial,

merely set aside the corrected order.

*Holloway,* 620 S.W.2d 611, 615 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.).

██ The trial court in the case at hand concluded that the "memorandum of settlement agreement left material terms to be later agreed upon and did not constitute an enforceable compromise." Conclusions of law are always reviewable and the appellate court is not obligated to give any particular deference to those conclusions. *Purvis Oil Corp. v. Hillin,* 890 S.W.2d 931, 935 (Tex. App.—El Paso 1994, no writ). A trial court's legal conclusions will be upheld on appeal unless they are erroneous as a matter of law. *Hofland v. Fireman's Fund Ins. Co.,* 907 S.W.2d 597, 599 (Tex.App.—Corpus Christi 1995, no writ); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.,* 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ).

██ In construing an agreement, the court may consider evidence of circumstances surrounding its execution. *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 731 (Tex.1981). Where the evidence shows that the parties intended to enter into an agreement, the courts should enforce the agreement thus keeping in line with the public policy in favor of settlement and peaceable dispute resolution. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 154.003, 154.071 (Vernon 1986); *Matter of Ames,* 860 S.W.2d 590, 592 (Tex.App.—Amarillo 1994, no writ).

██ The facts surrounding the execution and performance of the settlement agreement in this case show that the parties intended to enter into a binding contract. The parties do not dispute the existence of the agreement or that the settlement obligated appellees to secure their periodic payments with a promissory note. In fact, there is evidence in the record that the parties began to perform under the contract. Appellants signed a conveyance transferring their interests in the partnership over to appellees and signed a release in accordance with the terms of the settlement agreement. Appellees tendered a check for $6,000.00, representing the lump sum payment due under the terms of the settlement agreement, to Majewski's lawyer. Lawyers for both sides exchanged versions of the promissory note referred to in the agreement. Eventually, Majewski waived the note requirement. It was only after attempts to agree on the terms of the promissory note failed that appellants brought suit on the settlement contract.

Accordingly, we find that the record in the instant case reveals that the essential terms of the settlement agreement had been agreed to by the parties. Although one part of the settlement agreement involved a promissory note evidencing certain payments to be made to the parties over a period of time, even taking the note in isolation, its terms are definite enough to enforce the agreement.

██ In a contract to loan money, the material terms will generally be: the amount to be loaned, maturity date of the loan, the interest rate, and the repayment terms. *T.O. Stanley Boot Co.,* 847 S.W.2d at 221. In *T.O. Stanley Boot Co.,* the Texas Supreme Court concluded that a note failed for indefiniteness because of a failure to show any definite interest rate on the loan or the repayment terms. *Id.* at 221–22.

In the present case, however, the parties agreed to the exact amount of the monthly payments to be made to Majewski and Reynaldo over a stated period. Accordingly, prematurity interest, if any, had already been calculated into the stated amounts to be paid per month. Additional terms regarding overdue, or post-maturity, interest and acceleration upon default were not necessary to enable the parties to comply with the terms of the note, or the underlying settlement agreement, and would apply only after a default in the payment of the specified amounts. Accordingly, all the material terms of the note and the settlement agreement have been provided, and additional terms such as post-maturity interest may be implied either by extending prematurity interest or by application of the statutory amount of six percent. *See Petroscience Corp. v. Diamond Geophysical, Inc.,* 684 S.W.2d 668 (Tex.1984) (extension of prematurity rate); *see also* TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987); *Ocean Transport, Inc. v. Greycas, Inc.,* 878 S.W.2d 256, 263–65 (Tex.App.—Corpus Christi 1994, writ denied) (statutory rate of six percent). We

hold that the trial court erred in failing to enforce the written settlement agreement.

Accordingly, we sustain appellants' first and third points of error. As a result, we reverse the judgment of the trial court and remand the case to the trial court. Because of our holding on these points, we need not address appellants' second point of error. TEX.R.APP.P. 40(b).