Allstar Amusement v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-343-CV

     ALLSTAR AMUSEMENT,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 1
Johnson County, Texas
Trial Court # C9900211
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      After a hearing conducted under article 18.18(f) of the Code of Criminal Procedure, the court
found that thirty eight-liner devices owned by Allstar Amusement constitute gambling devices. 
The court ordered that these items be forfeited to the State. Allstar argues in a single point that
the court erred by ordering the forfeiture of these items because they are not “gambling devices”
as that term is statutorily defined.
      According to the record, law enforcement officials in Johnson County investigated several
“game rooms” in early 1999. During these investigations, officials seized eight-liner machines
from several establishments. In response to these seizures, a game room operated under the name
Lucky 777's closed for two months to reconfigure its eight-liner machines and change its prize
policies. Allstar owns the eight-liner devices used at Lucky 777's.
      The eight-liner machines at Lucky 777's recorded the number of “credits” earned by a player. 
Once a player earned 500 credits, he could depress the “ticket button,” and the machine would
dispense a ticket and decrease the player’s accumulated credits accordingly. Before Lucky 777's
closed, a player could exchange each ticket “won” for a $5.00 gift certificate for use at HEB or
Wal-Mart. After Lucky 777's changed its policies to “amusement only,” a player could exchange
each ticket only for play on another machine. To do so, a player would take the ticket to the game
room attendant who would then put $5.00 in a machine selected by the player. A player could
“redeem” this ticket on the same day or at a later date but could not get cash for the ticket.
      In May 1999, law enforcement officials executed a search warrant at Lucky 777's. Under this
warrant, officers seized thirty eight-liner devices, several “computer boards” used in these
devices, and $1,339.05 in United States currency. To date, the State has not prosecuted anyone
for the operation of the seized devices. In July 1999, the State filed a petition to forfeit the seized
items under the provisions of article 18.18 of the Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 18.18 (Vernon Supp. 2001). Allstar filed a motion to request a hearing
and return of the seized property.
      At the conclusion of the hearing, the court announced its finding that the seized machines
constitute gambling devices and gambling paraphernalia and ordered their forfeiture. The court
also ordered the forfeiture of the seized currency as gambling proceeds. The court signed a decree
to this effect on the same date.
      Allstar requested findings of fact and conclusions of law. In the court’s conclusions of law,
the court determined:
      1.   that the eight-liner devices and computer boards constitute gambling devices and
gambling paraphernalia and are subject to forfeiture;
 
      2.   that the currency constitutes gambling proceeds and gambling paraphernalia and is subject
to forfeiture; and
 
      3.   that three $5.00 gift certificates “won” at Lucky 777's by undercover law enforcement
officials in January 1999 constitute gambling proceeds and are subject to forfeiture.

      Allstar contends in its sole point that the court erred in ordering the forfeiture of the eight-liner devices because they did not award anything of value. Allstar does not challenge any of the
court’s findings of fact. Rather, Allstar contests the court’s conclusion that the eight-liner
machines constitute gambling devices.
      We review the court’s conclusions of law de novo. City of Houston v. Kolb, 982 S.W.2d 949,
952 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); Hitzelberger v. Samedan Oil Corp., 948
S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. denied). We overturn these conclusions only
when they are erroneous as a matter of law. Id.
      Section 47.01 of the Penal Code defines the term “gambling device” as follows:
(4) “Gambling device” means any electronic, electromechanical, or mechanical
contrivance not excluded under Paragraph (B) that for a consideration affords the player
an opportunity to obtain anything of value, the award of which is determined solely or
partially by chance, even though accompanied by some skill, whether or not the prize is
automatically paid by the contrivance. The term:
 
                  (A) includes, but is not limited to, gambling device versions of bingo, keno,
blackjack, lottery, roulette, video poker, or similar electronic,
electromechanical, or mechanical games, or facsimiles thereof, that operate by
chance or partially so, that as a result of the play or operation of the game award
credits or free games, and that record the number of free games or credits so
awarded and the cancellation or removal of the free games or credits; and
 
                  (B) does not include any electronic, electromechanical, or mechanical
contrivance designed, made, and adapted solely for bona fide amusement
purposes if the contrivance rewards the player exclusively with noncash
merchandise prizes, toys, or novelties, or a representation of value redeemable
for those items, that have a wholesale value available from a single play of the
game or device of not more than 10 times the amount charged to play the game
or device once or $5, whichever is less.

Tex. Pen. Code Ann. § 47.01(4) (Vernon Supp. 2001).
      The statute defines the term “thing of value” as “any benefit, but does not include an
unrecorded and immediate right of replay not exchangeable for value.” Id. § 47.01(9) (Vernon
Supp. 2001).
      Allstar does not contend that the exception provided by section 47.01(4)(B) applies. 
Accordingly, we limit our analysis to section 47.01(4)(A). The Fourteenth Court of Appeals has
previously interpreted the “gambling device” definition found in the statute.


 See State v. Fry, 867
S.W.2d 398, 402 (Tex. App.—Houston [14th Dist.] 1993, no writ). The court determined that
the video slot machine in that case was a “gambling device” under section 47.01 “because (1) it
record[ed] the credits won; and (2) the credits [we]re exchangeable for value.” Id.; accord State
v. Mendel, 871 S.W.2d 906, 910 (Tex. App.—Houston [14th Dist.] 1994, no writ).



      The eight-liner machines in this case clearly recorded the credits earned. See id.; Tex. Pen.
Code Ann. § 47.01(4)(A). The tickets dispensed by the machines could be exchanged for play
on another machine that was not necessarily “immediate.” Cf. Tex. Pen. Code Ann. § 47.01(9). 
Thus, the only question to be decided is whether the tickets dispensed by the machines were a
“benefit.” Id.
      Section 1.07 of the Penal Code defines the term “benefit” to include “anything reasonably
regarded as economic gain or advantage.” Id. § 1.07(7) (Vernon 1994). We construed this term
in Smith v. State. 959 S.W.2d 1 (Tex. App.—Waco 1997, pet. ref’d). In Smith, a New York
company provided meals, lodging, air and ground transportation, and theater tickets to a university
administrator and his wife on several occasions when the administrator came to New York for
contract negotiations. Id. at 7-8. We held that a “benefit” includes “anything to which a price can
be assigned.” Id. at 20-21. Thus, we determined that the company provided “benefits” to the
defendant by giving him meals, lodging, air and ground transportation, and theater tickets, even
though the company did not give him the money to purchase these items. Id.
       According to the testimony in the instant case, when a player sought to exchange his ticket
for play on another machine, the attendant put $5.00 in the selected machine for him. Based on
this evidence, we conclude that the tickets dispensed by the eight-liner machines provided a $5.00
“benefit” to players. Cf. id.; see also Hardy v. State, No. 10-99-336-CV, slip op. at 12 & n.9
(Tex. App.—Waco June 27, 2001, no pet. h.) (eight-liner operated in this manner essentially
rewards player with the money deposited in another machine on player’s behalf); but see State v.
One Super Cherry Master Video 8-Liner Machine, No. 03-99-751-CV, slip op. at 9-11, 2001 Tex.
App. LEXIS 3891, at *13-16 (Tex. App.—Austin June 14, 2001, no pet. h.) (State failed to prove
as a matter of law that tickets dispensed by machines operated in a similar manner were not
exchangeable for “noncash merchandise”).



      For these reasons, we overrule Allstar’s sole point and affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed
Opinion delivered and filed July 5, 2001
Publish