

# NUMBER 13-10-00265-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

THE STATE OF TEXAS,                                              Appellant,

v.

GAMBLING PARAPHERNALIA,
DEVICES, EQUIPMENT AND PROCEEDS,                    Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas

# OPINION

### Before Justices Garza, Vela, and Perkes
### Opinion by Justice Perkes

This is a civil-forfeiture case. By a single issue, the State argues the trial court erred as a matter of law by concluding the seized devices are not gambling devices because the "replay" that the devices awards is not a "thing of value" under the Penal

Code.  The trial court denied the State's motion for forfeiture.  We sustain the State's issue on appeal, and reverse and render a judgment of forfeiture.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The State of Texas moved for forfeiture of gambling paraphernalia, devices, and equipment and proceeds.  The property was seized pursuant to a search warrant.  In its search warrant affidavit, the State's investigator testified that some of the devices were "eight-liners" which looked like gambling machines one would expect to see in a Las Vegas casino.  He testified further the player cards cost one dollar each, that they record the number of points the player wins or loses, and that the value associated with the points could be ascertained from the player cards.  Sixty-six devices were subsequently taken from Horseshoe Fun and Games, an establishment open to the public.

The owners of the property argued that the paraphernalia, devices, and equipment were not gambling devices as defined in section 47.01 of the Texas Penal Code, and that the State's forfeiture motion should be denied.  In lieu of offering live testimony at the forfeiture hearing, the parties stipulated to the following facts, which the trial court adopted in its findings of fact and conclusions of law:

1. The property located at 2400 West Corpus Christi Street, Beeville, Bee County, Texas for the months of June, July and August of 2008 was operated under the name Horseshoe Fun & Games.

2. Joyce Temple is the sole owner of the currency seized at said location on or about August 15, 2008.  James Temple is the sole owner of the devices seized at said location on or about August 15, 2008.

3. Horseshoe Fun & Games operated devices at the location which operated as follows:

2

a.  Patrons purchase player cards which, for additional consideration, are loaded with points which are accepted for play on the devices.

b.  Points have a pre-determined dollar value, however, a minimum number of points are required to be wagered at a time depending on the device being played. The devices require a minimum wager of 5 points or 8 points, depending on the device being played.

c.  When a player card is inserted into one of the devices, the device reads the loaded points on the card and transfers the stored points onto the device which allows for play of the device.

d.  The player is then allowed to operate the device for play. On each play of the device, the player is either awarded additional points or loses the points wagered based solely on chance.

e.  At any time, the player may remove his/her player card which records the player's winnings and losses and insert that card into another device at the location for additional play. Also, the player may use the card on another date of the player's choosing. When a player chooses to discontinue play on a particular device, the points are then transferred back onto the player card prior to its removal from the device.

f.  Upon a single play of the device, the player may be awarded more than 10 times the number of points wagered.[1]

4.  The currency seized from Horseshoe Fun & Games is proceeds of the operation of the devices described herein.

In addition, the trial court admitted in evidence the search warrant and supporting affidavit that authorized search and seizure of the property at issue. In that regard, the trial court found the warrant was issued upon probable cause that the property in

---

[1] The State stipulated further at trial that the case involves only the potential for replay based upon points received, and that no cash prizes, toys, or novelties were being awarded. Credits could not be exchanged for anything of value other than replay on the machine. However, no stipulation was made regarding the potential monetary value of the points on the player cards.

question was contraband as defined in the Texas Code of Criminal Procedure and Texas Penal Code.

Based upon its findings of fact, the trial court entered the following conclusions of law:

> [T]he Court concludes that the devices in this case are not gambling devices as that term is defined in Penal Code § 47.01(4). Specifically, the Court concludes that replay as awarded by the devices in question is not a thing of value as that term is defined in Penal Code § 47.01(9).

In accordance with its findings of fact and conclusions of law, the trial court denied the State's forfeiture motion. This appeal followed.

## II. ISSUE PRESENTED

By its sole issue on appeal, the State contends the trial court erred by concluding that the "replay" awarded, with respect to the machines in question, is not a "thing of value" pursuant to Penal Code section 47.01(9). *See* TEX. PENAL CODE ANN. § 47.01(4), (9) (West 2003) (defining gambling device). If the replay is not a thing of value, the devices are not gambling devices subject to forfeiture. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(b), (g)(2) (West 2005).

## III. STANDARD OF REVIEW

We review a trial court's conclusions of law de novo and will uphold them on appeal if the judgment can be sustained on any legal theory the evidence supports. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Legal conclusions of the trial court are always reviewable, and the appellate court is not obligated to give any particular deference to those conclusions. *Montanaro v. Montanaro*, 946 S.W.2d 428, 431 (Tex. App.—Corpus Christi 1997, no writ). A trial court's legal conclusions will be upheld on appeal unless they are erroneous as a matter

4

of law.  *Hofland v. Fireman's Fund Ins. Co.*, 907 S.W.2d 597, 599 (Tex. App.—Corpus Christi 1995, no writ).

We review questions of statutory construction de novo.  *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)).  In construing statutes, our primary objective is to give effect to the Legislature's intent.  *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).  We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results.  *Id.*

## IV.  DISCUSSION

Following lawful seizure,[2] gambling paraphernalia, devices, equipment and proceeds are subject to forfeiture even when, as here, there is no prosecution of the owner of the contraband.  *See* TEX. CODE CRIM. PROC. ANN. art. 18.18 (b) (West 2005); *In re Seizure of Gambling Proceeds and Devices*, 261 S.W.3d 439, 446 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  Once the State has established probable cause to initiate a forfeiture proceeding, the State has met its burden under article 18.  *Hardy v. State*, 102 S.W.3d 123, 129 (Tex. 2003).  At that point, the burden shifts to the claimant to prove by a preponderance of the evidence that the property is not contraband related to gambling and, thereby, subject to forfeiture under article 18.18(f).  TEX. CODE CRIM. PROC. ANN. art. 18.18(f); *Hardy*, 102 S.W.3d at 127.  Under the statute,

---

[2] The trial court found the property was lawfully seized pursuant to a warrant supported by probable cause.  The claimants do not claim the seizure of the property was unlawful.  Accordingly, we presume the State met its burden to demonstrate the seizure was supported by probable cause.  *See Hardy v. State*, 102 S.W.3d 123, 130 (Tex. 2003).

a lawfully-seized device is forfeited to the State unless an interested person shows it is not a gambling device. *Hardy*, 102 S.W.3d at 128.

The forfeiture statute does not include a definition of "gambling device," but it does incorporate the definition of gambling device contained in the Penal Code:

> (4) "Gambling device" means any electronic, electromechanical, or mechanical contrivance not excluded under Paragraph (B) that for a consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance. The term:

> (A) includes, but is not limited to, gambling device versions of bingo, keno, blackjack, lottery, roulette, video poker, or similar electronic, electromechanical, or mechanical games, or facsimiles thereof, that operate by chance or partially so, that as a result of the play or operation of the game award credits or free games, and that record the number of free games or credits so awarded and the cancellation or removal of the free games or credits; and

> (B) does not include any electronic, electromechanical, or mechanical contrivance designed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less.

> . . . .

> (9) "Thing of value" means any benefit, but does not include an unrecorded and immediate right of replay not exchangeable for value.

TEX. CODE CRIM. PROC. ANN. art. 18.18(g)(2); TEX. PENAL CODE ANN. § 47.01(4), (9).

The Temples argue that the devices are not gambling devices as defined under section 47.01(4) because the devices are "made and adapted solely for bona fide amusement purposes." They argue further that the points awarded on the player card provide for an immediate right of replay as permitted under section 47.01(9). They

6

contend the devices do not provide a player any benefit and that replay is not a "thing of value" as would bring the devices within the definition. They assert patrons play the games with no expectation of receiving any cash, money orders, gift cards, novelties or prizes other than replay, and contend the noncash award of replay is legal and consistent with the holding of *Hardy v. State*. *See Hardy*, 102 S.W.3d at 131-32.

In *Allstar Amusement*, the Court of Appeals addressed whether an "eight-liner" which awarded a ticket that can be exchanged only for play on another device on the same day or at a later date, is a gambling device under section 47.01(4)(A). *Allstar Amusement v. State,* 50 S.W.3d 705, 706 (Tex. App.—Waco 2001, no pet.). To redeem a ticket, a player would take the ticket to an attendant, who would then put $5.00 in the device the player selected. *Id.* at 706. The court analyzed whether the ticket was a "thing of value" under Penal Code section 47.01(9), so that the device in turn meets the section 47.01(4)(A) definition of a gambling device. *Id.* at 707-08. The court held the ticket dispensed is a "benefit" as that term is defined in the Penal Code. *Id.* at 708. Section 1.07(7) of the Penal Code defines benefit as including "anything reasonably regarded as economic gain or advantage." *Id.* (quoting TEX. PENAL CODE ANN. § 1.07(7) (West 1994)). The court noted further that the eight-liner *recorded* credits on a ticket, and determined that a ticket which could be exchanged for play on another device was not necessarily '*immediate*.' *Id.* (quoting TEX. PENAL CODE ANN. § 47.01(9) (West Supp. 2001)) (emphasis added). For these reasons, the court concluded the eight-liner was a gambling device under section 47.01(4). *Id.* at 707-09; *see Broaddus v. State*, 150 S.W.2d 247, 250-51 (Tex. Crim. App. 1941) (holding that coin-operated marble game

that awarded replay on the basis of chance is a gambling device because replay is a thing of value).

Similar to *Allstar Amusement*, the number of credits awarded in this case is recorded on the player cards and the replay is not necessarily immediate because the points can be used at a later date at the time of the patron's choosing. In addition, the replay is a benefit because it awards a thing of value. Points which allow replay without payment of additional consideration are an economic gain or advantage, and, therefore, satisfy the definition of "benefit" found in the Penal Code. *See* TEX. PENAL CODE ANN. § 1.07(a)(7) (West 2003); *see also Broaddus*, 150 S.W.2d at 250-51; *Allstar Amusement*, 50 S.W.3d at 708.

The Temples' reliance on *Hardy* is misplaced. The "bona fide amusement purposes" language in section 47.01(4)(B) is followed by an express condition that the noncash merchandise prize, toy, or novelties awarded shall not exceed the specified statutory monetary limits. Here, the replay awarded by the devices does not meet the exclusion set forth in the definition of a gambling device because points awarded can exceed the monetary value permitted under the statute for a "noncash merchandise prize, toy, or novelty." *See* TEX. PENAL CODE ANN. § 47.01(4)(B). As the parties stipulated, upon a single play of the device, the player may be awarded more than ten times the number of points wagered. In that regard, the investigator testified in his probable-cause affidavit that such monetary limits were exceeded during his investigation. We hold the devices in this case are gambling devices as that term is defined in Penal Code section 47.01(4)(A). We sustain the State's sole issue on appeal.

## V. CONCLUSION

Having sustained the State's sole issue on appeal, we reverse the trial court's order denying forfeiture and render judgment that the property that was the subject of the State's forfeiture motion is forfeited to the State in accordance with Texas Code of Criminal Procedure article 18.18(b).

_____
GREGORY T. PERKES
Justice

Delivered and filed the
12th day of May, 2011.