NUMBER 13-10-00265-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI—EDINBURG



 



 

THE
STATE OF TEXAS,                                                          Appellant, 

 

v.

 

GAMBLING
PARAPHERNALIA, 

DEVICES,
EQUIPMENT AND PROCEEDS,                          Appellee.



 



 

On appeal from the 156th District Court 

of Bee County, Texas



 



 

OPINION

Before Justices Garza, Vela, and Perkes   

Opinion by Justice Perkes  

            This is a civil-forfeiture case.  By a single issue, the
State argues the trial court erred as a matter of law by concluding the seized
devices are not gambling devices because the “replay” that the devices awards
is not a “thing of value” under the Penal Code.  The trial court denied the
State’s motion for forfeiture.  We sustain the State’s issue on appeal, and
reverse and render a judgment of forfeiture. 

I.  FACTUAL AND PROCEDURAL BACKGROUND

The State of Texas moved for
forfeiture of gambling paraphernalia, devices, and equipment and proceeds.  The
property was seized pursuant to a search warrant.  In its search warrant
affidavit, the State’s investigator testified that some of the devices were “eight-liners”
which looked like gambling machines one would expect to see in a Las Vegas
casino.  He testified further the player cards cost one dollar each, that they record
the number of points the player wins or loses, and that the value associated
with the points could be ascertained from the player cards.  Sixty-six devices
were subsequently taken from Horseshoe Fun and Games, an establishment open to
the public.  

The owners of the property argued that
the paraphernalia, devices, and equipment were not gambling devices as defined
in section 47.01 of the Texas Penal Code, and that the State’s forfeiture
motion should be denied.  In lieu of offering live testimony at the forfeiture hearing,
the parties stipulated to the following facts, which the trial court adopted in
its findings of fact and conclusions of law:  

1.   
The property located at 2400 West
Corpus Christi Street, Beeville, Bee County, Texas for the months of June, July
and August of 2008 was operated under the name Horseshoe Fun & Games.

 

2.   
Joyce Temple is the sole owner of
the currency seized at said location on or about August 15, 2008.  James Temple
is the sole owner of the devices seized at said location on or about August 15,
2008.

 

3.   
Horseshoe Fun & Games operated
devices at the location which  operated as follows:

 

a.         Patrons purchase player cards which, for
additional consideration, are loaded with points which are accepted for play on
the devices.

 

b.         Points have a pre-determined dollar value,
however, a minimum number of points are required to be wagered at a time
depending on the device being played.  The devices require a minimum wager of 5
points or 8 points, depending on the device being played.

 

c.         When a player card is inserted into one of
the devices, the device reads the loaded points on the card and transfers the
stored points onto the device which allows for play of the device.

 

d.         The player is then allowed to operate the
device for play.  On each play of the device, the player is either awarded
additional points or loses the points wagered based solely on chance.

 

e.         At any time, the player may remove his/her
player card which records the player’s winnings and losses and insert that card
into another device at the location for additional play.  Also, the player may
use the card on another date of the player’s choosing.  When a player chooses
to discontinue play on a particular device, the points are then transferred
back onto the player card prior to its removal from the device.

 

f.          Upon a single play of the device, the
player may be awarded more than 10 times the number of points wagered.[[1]]

 

4.   
The currency seized from Horseshoe
Fun & Games is proceeds of the operation of the devices described herein.

 

In addition, the trial court admitted
in evidence the search warrant and supporting affidavit that authorized search
and seizure of the property at issue.  In that regard, the trial court found the
warrant was issued upon probable cause that the property in question was
contraband as defined in the Texas Code of Criminal Procedure and Texas Penal
Code.

Based upon its findings of fact, the
trial court entered the following conclusions of law:

[T]he
Court concludes that the devices in this case are not gambling devices as that
term is defined in Penal Code § 47.01(4).  Specifically, the Court concludes
that replay as awarded by the devices in question is not a thing of value as
that term is defined in Penal Code § 47.01(9).

 

In accordance with its findings of
fact and conclusions of law, the trial court denied the State’s forfeiture
motion.  This appeal followed. 

II.  ISSUE PRESENTED

            By its sole issue on appeal, the State contends the trial
court erred by concluding that the “replay” awarded, with respect to the
machines in question, is not a “thing of value” pursuant to Penal Code section
47.01(9).  See Tex. Penal Code
Ann. § 47.01(4), (9) (West 2003) (defining gambling device).  If the
replay is not a thing of value, the devices are not gambling devices subject to
forfeiture.  See Tex. Code Crim.
Proc. Ann. art. 18.18(b), (g)(2) (West 2005).   

III.  STANDARD OF REVIEW

            We review a trial court’s conclusions of law de novo and will
uphold them on appeal if the judgment can be sustained on any legal theory the
evidence supports.  See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d
789, 794 (Tex. 2002).  Legal conclusions of the trial court are always reviewable, and
the appellate court is not obligated to give any particular deference to those
conclusions. Montanaro v. Montanaro, 946 S.W.2d 428, 431 (Tex. App.—Corpus
Christi 1997, no writ).  A trial court’s legal conclusions will be upheld on appeal
unless they are erroneous as a matter of law.  Hofland v. Fireman's Fund
Ins. Co.,
907 S.W.2d 597, 599 (Tex. App.—Corpus Christi 1995, no writ).

We review questions of statutory
construction de novo.  Singleton v. Casteel, 267 S.W.3d 547, 550 (Tex.
App.—Houston [14th Dist.] 2008, pet. denied) (citing City of San Antonio v. City of Boerne, 111
S.W.3d 22, 25 (Tex. 2003)).  In construing statutes, our primary objective is to give effect to the
Legislature's intent.  Tex. Lottery Comm’n v. First State Bank of DeQueen, 325
S.W.3d 628, 635 (Tex. 2010).  We rely on the plain meaning of the text as
expressing legislative intent unless a different meaning is supplied by
legislative definition or is apparent from the context, or the plain meaning
leads to absurd results.  Id.           

IV. 
DISCUSSION

Following lawful seizure,[2]
gambling paraphernalia, devices, equipment and proceeds are subject to
forfeiture even when, as here, there is no prosecution of the owner of the
contraband.  See Tex. Code
Crim. Proc. Ann. art.
18.18 (b) (West 2005); In re Seizure of Gambling Proceeds and Devices,
261 S.W.3d 439, 446 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  Once
the State has established probable cause to initiate a forfeiture proceeding,
the State has met its burden under article 18.  Hardy v. State, 102
S.W.3d 123, 129 (Tex. 2003).  At that point, the burden shifts to the claimant
to prove by a preponderance of the evidence that the property is not contraband
related to gambling and, thereby, subject to forfeiture under article 18.18(f). 
Tex. Code Crim. Proc. Ann. art.
18.18(f); Hardy, 102 S.W.3d at 127.  Under the statute, a lawfully-seized
device is forfeited to the State unless an interested person shows it is not a
gambling device.  Hardy, 102 S.W.3d at 128.    

            The forfeiture statute does not include a
definition of “gambling device,” but it does incorporate the definition of
gambling device contained in the Penal Code:

(4)  “Gambling device” means any electronic,
electromechanical, or mechanical contrivance not excluded under Paragraph (B)
that for a consideration affords the player an opportunity to obtain anything
of value, the award of which is determined solely or partially by chance, even
though accompanied by some skill, whether or not the prize is automatically
paid by the contrivance.  The term:

 

(A)  includes, but
is not limited to, gambling device versions of bingo, keno, blackjack, lottery,
roulette, video poker, or similar electronic, electromechanical, or mechanical
games, or facsimiles thereof, that operate by chance or partially so, that as a
result of the play or operation of the game award credits or free games, and
that record the number of free games or credits so awarded and the cancellation
or removal of the free games or credits; and

 

(B) does not include
any electronic, electromechanical, or mechanical contrivance designed, made,
and adapted solely for bona fide amusement purposes if the contrivance rewards
the player exclusively with noncash merchandise prizes, toys, or novelties, or
a representation of value redeemable for those items, that have a wholesale
value available from a single play of the game or device of not more than 10
times the amount charged to play the game or device once or $5, whichever is
less.  

 

. . . . 

 

(9)  “Thing of value” means any benefit, but does not
include an unrecorded and immediate right of replay not exchangeable for value.

 

Tex. Code Crim. Proc. Ann. art. 18.18(g)(2); Tex. Penal Code Ann. § 47.01(4), (9).

            The Temples argue that the devices are not gambling devices as defined under
section 47.01(4) because the devices are “made and adapted solely for bona fide
amusement purposes.”  They argue further that the points awarded on the player
card provide for an immediate right of replay as permitted under section
47.01(9).  They contend the devices do not provide a player any benefit and that
replay is not a “thing of value” as would bring the devices within the
definition. They assert patrons play the games with no expectation of receiving
any cash, money orders, gift cards, novelties or prizes other than replay, and
contend the noncash award of replay is legal and consistent with the holding of
Hardy v. State.  See Hardy, 102 S.W.3d at 131-32.  

            In Allstar Amusement, the Court of Appeals
addressed whether an “eight-liner” which awarded a ticket that can be exchanged
only for play on another device on the same day or at a later date, is a
gambling device under section 47.01(4)(A).  Allstar Amusement v. State, 50
S.W.3d 705, 706 (Tex. App.—Waco 2001, no pet.).  To redeem a ticket, a player
would take the ticket to an attendant, who would then put $5.00 in the device
the player selected.  Id. at 706.  The court analyzed whether the
ticket was a “thing of value” under Penal Code section 47.01(9), so that the
device in turn meets the section 47.01(4)(A) definition of a gambling device.  Id.
at 707-08.  The court held the ticket dispensed is a “benefit” as that term
is defined in the Penal Code.  Id. at 708.  Section 1.07(7) of the Penal
Code defines benefit as including “anything reasonably regarded as economic
gain or advantage.”  Id. (quoting Tex.
Penal Code Ann. § 1.07(7) (West 1994)).  The court noted further that the
eight-liner recorded credits on a ticket, and determined that a ticket which
could be exchanged for play on another device was not necessarily ‘immediate.’ 
Id.  (quoting Tex. Penal
Code Ann. § 47.01(9) (West Supp.
2001)) (emphasis added).  For
these reasons, the court concluded the eight-liner was a gambling device under
section 47.01(4).  Id. at 707-09; see Broaddus v. State, 150
S.W.2d 247, 250-51 (Tex. Crim. App. 1941) (holding
that coin-operated marble game that awarded replay on the basis of chance is a
gambling device because replay is a thing of value).

            Similar to Allstar Amusement, the number
of credits awarded in this case is recorded on the player cards and the replay
is not necessarily immediate because the points can be used at a later date at the
time of the patron’s choosing.  In addition, the replay is a benefit because it
awards a thing of value.  Points which allow replay without payment of
additional consideration are an economic gain or advantage, and, therefore,
satisfy the definition of “benefit” found in the Penal Code.  See Tex. Penal Code Ann. § 1.07(a)(7) (West 2003); see also Broaddus,
150 S.W.2d at 250-51; Allstar Amusement, 50 S.W.3d at 708.  

            The Temples’ reliance on Hardy is
misplaced.  The “bona fide amusement purposes” language in section 47.01(4)(B)
is followed by an express condition that the noncash merchandise prize, toy, or
novelties awarded shall not exceed the specified statutory monetary limits. 
Here, the replay awarded by the devices does not meet the exclusion set forth
in the definition of a gambling device because points awarded can exceed the
monetary value permitted under the statute for a “noncash merchandise prize,
toy, or novelty.” See Tex. Penal Code Ann. § 47.01(4)(B).  As the parties stipulated, upon a
single play of the device, the player may be awarded more than ten times the
number of points wagered.  In that regard, the investigator testified in his probable-cause
affidavit that such monetary limits were exceeded during his investigation.  We
hold the devices in this case are gambling devices as that term is defined in
Penal Code section 47.01(4)(A).  We sustain the State’s sole issue on appeal.  
     

V.  CONCLUSION

Having sustained the State’s sole
issue on appeal, we reverse the trial court’s order denying forfeiture and
render judgment that the property that was the subject of the State’s
forfeiture motion is forfeited to the State in accordance with Texas Code of
Criminal Procedure article 18.18(b).

 

                                                                                    _______________________________

GREGORY T. PERKES

                                                                                    Justice

 

 

Delivered and filed the 

12th day of May, 2011.   









[1]
The State stipulated further at
trial that the case involves only the potential for replay based upon points
received, and that no cash prizes, toys, or novelties were being awarded. 
Credits could not be exchanged for anything of value other than replay on the
machine.  However, no stipulation was made regarding the potential monetary
value of the points on the player cards.

 





[2]
The trial court found the property was lawfully seized pursuant to a warrant
supported by probable cause.  The claimants do not claim the seizure of the
property was unlawful.  Accordingly, we presume the State met its burden to
demonstrate the seizure was supported by probable cause.  See Hardy v. State,
102 S.W.3d 123, 130 (Tex. 2003).