In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00046-CV
_____

DANNY BURKETT, Appellant

V.

JESSIE FAVORS AND DEANA MILLER, Appellees

On Appeal from the 253rd District Court
Liberty County, Texas
Trial Cause No. CV1611135

**MEMORANDUM OPINION**

Danny Burkett appeals the trial court's order granting permanent injunctive relief to appellees, Jessie Favors and Deana Miller.[1] In two appellate issues, Burkett challenges the legal and factual sufficiency of the "pleadings and evidence" supporting permanent injunctive relief and declaratory relief. We affirm the trial court's judgment.

---

[1]Favors and Miller are married.

## BACKGROUND

Appellees filed an application and affidavit for temporary restraining order and temporary injunction against Burkett. Appellees asserted that the case involves an easement on real property in Liberty County. Appellees pleaded that Burkett had trespassed on their property, allowed his dogs to run free and chase appellees' livestock, blocked access to their property to prevent them from cutting and bailing their hay, and threatened to kill them. According to appellees, they lacked an adequate remedy at law, and they would suffer immediate and irreparable injury, loss, or damage unless Burkett was enjoined from interfering with their use of their property. Appellees sought a temporary restraining order and, after a hearing, a temporary injunction enjoining Burkett from threatening appellees with physical injury, trespassing on their property, blocking their access, and allowing his dogs to "chase and harass" their livestock. Appellees' application mentioned declaratory relief only in the section regarding attorney's fees, in which appellees pleaded that Burkett's action had "made it necessary for [appellees] to employ the undersigned attorney to file suit for a declaratory judgment to declare rights under the easement." Appellees' pleading did not request a specific declaration from the trial court. The trial judge signed a temporary restraining order, scheduled a hearing, and then set the case for a final hearing.

2

At the hearing, which the court reporter entitled a hearing on the motion for permanent injunction and declaratory judgment, counsel for Burkett stated, "I think we have an agreement on the principal issue before the Court. I believe there are some permanent injunctions that [appellees' counsel] wants to proceed with that we're not in agreement on." Appellees' counsel stated that appellees wanted a permanent injunction against Burkett to prevent him from threatening them, cursing, and "attempting to incite them to do things." The trial judge stated, "the threatening I can see, but cursing is free speech[.]"

When appellees' counsel stated that appellees sought an injunction to keep Burkett's dogs off their property, the trial court noted that the request was "a little problematic." Appellees' counsel stated that appellees had also asked for a declaratory judgment, but counsel did not say what declaration appellees desired. Appellees' counsel stated, "I believe we've been talking for the last couple of hours and I believe that we have an understanding from the ruling of the Court that [the easement is] not exclusive and that these folks have a right to go across it as well, and they're going to install their gates and furnish him with a lock and a key."

When the trial judge stated that it "[s]ounds like we've got an understanding[,]" Burkett's counsel responded, "Yes, Your Honor." Both Favors and Miller stated on the record that (1) they purchased the property subject to a

3

twenty-foot non-exclusive ingress/egress easement to Burkett's two-acre tract; (2) they agreed that they would install gates, furnish Burkett with a key to the lock on the gate, and will not lock the gate going into Burkett's property; (3) they agreed to ask the trial court to require Burkett to open and close the gates and not to destroy the gates; (4) they agreed to ask the trial court to enjoin Burkett from blocking their access to the easement. Burkett stated on the record that he agrees that the ingress/egress easement is non-exclusive, and that he understood that Favors and Miller have a right to use the road. Appellees offered several documents that were admitted into evidence, including a letter from their counsel to Burkett, survey maps, warranty deeds regarding the property, two surveyor's invoices, surveys, and an aerial photograph.

The trial court signed a final judgment, in which it found that appellees were "entitled to a permanent injunction for a non-exclusive easement . . .[,]" found that the twenty-foot easement was non-exclusive, and enjoined Burkett from impeding access to the easement or blocking the use of the easement "to anyone else." In addition, the trial court ordered "that gates shall be placed on each end of the non-exclusive easement and . . . the gates will be closed each time after Danny Burkett enters or leaves the easement." Burkett filed a motion for new trial, which was apparently overruled by operation of law, and he then filed this appeal.

4

BURKETT'S ISSUES

In his first issue, Burkett challenges the legal and factual sufficiency of the evidence supporting the trial court's judgment granting permanent injunctive relief. In his second issue, Burkett challenges the legal and factual sufficiency of the evidence supporting the trial court's judgment granting declaratory relief. We address Burkett's issues together.

The record reflects that although some exhibits were introduced into evidence, the proceeding was not a trial on the merits; rather, it was a hearing at which the parties' agreement was memorialized on the record.[2] The parties were free to agree, as the record indicates they did,[3] to matters beyond the scope of the relief requested by appellees in their pleadings. When parties settle a lawsuit, they are resolving the dispute according to the terms of a private contract. *See Montanaro v. Montanaro*, 946 S.W.2d 428, 431 (Tex. App.—Corpus Christi 1997, no writ). Accordingly, settlement agreements are governed by the law of contracts. *Schlumberger Tech. v. Swanson*, 959 S.W.2d 171, 178 (Tex. 1997). To be enforceable, a settlement agreement must comply with Rule 11 of the Texas Rules of Civil Procedure. *Padilla*

---

[2]The trial court's docket sheet noted that the parties agreement was "[e]ntered on the [r]ecord[.]"

[3]As noted above, appellees' live pleadings at the time of the hearing did not request permanent injunctive relief or specific declaratory relief.

5

*v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Rule 11 requires that agreements regarding any pending lawsuit will not be enforced unless such agreements are in writing and filed as part of the record or "made in open court and entered of record." Tex. R. Civ. P. 11.

When the parties have reached a settlement agreement, the trial court may render a judgment based on the agreement if no party has withdrawn consent. *Padilla*, 907 S.W.2d at 461. A consent judgment is subject to the law of contracts. *Stewart v. Mathes*, 528 S.W.2d 116, 118 (Tex. Civ. App.—Beaumont 1975, no writ). A party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *In the Interest of T.G.*, No. 09-16-00250-CV, 2016 WL 7157242, at *4 (Tex. App.—Beaumont Dec. 8, 2016, no pet.) (mem. op.). A party who consents to a trial court's entry of judgment waives any error in the judgment except jurisdictional error. *Id.* "A party who consents to an agreed judgment and fails to convey any withdrawal of consent thereby stipulates to the fact-findings contained in the agreed judgment and waives [his] ability to challenge those findings for legal and factual sufficiency." *Id.*

We conclude that the record indicates that the parties came to an agreement, which the trial court memorialized in its judgment, and nothing in the record demonstrates that Burkett withdrew his consent before the trial court signed the

judgment. *See id.* We therefore conclude that Burkett has waived the arguments he seeks to raise on appeal. *See id.* Accordingly, we overrule issues one and two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on September 4, 2018
Opinion Delivered November 15, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.

7